### DAVIS v. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO.
No. 66-C-12566.

Circuit Court, Dade County.

May 9, 1967.

114

Thomas J. Gaine, Miami, for plaintiff.

Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for defendant.

JAMES LAWRENCE KING, Circuit Judge.

*Declaratory judgment on the pleadings:* This cause came on for hearing before the court on plaintiff's motion for judgment on the pleadings, defendant's motion to dismiss or in the alternative, defendant's motion on the pleadings, and the court, after due consideration of the oral argument of counsel for the parties, the pleadings and memorandums of law submitted by both attorneys, orders, adjudges and decrees —

The court has jurisdiction of the parties and of the subject matter of this cause.

On January 27, 1966, the plaintiff, while stopped in a line of traffic at the intersection of 64th Street and Biscayne Boulevard, Miami, was struck in the rear by automobile #2, which had been struck by automobile #3, which had been struck by an unknown "hit and run" driver driving automobile #4.

The complaint alleges that the plaintiff sustained personal injuries and here seeks a declaration of her rights with respect to and under a policy of insurance issued by the defendant insurance company (#4384150-A20-59A) providing for uninsured motorist coverage in the following language —

> *"hit-and-run automobile* . . . means a land motor vehicle which causes bodily injury to an insured arising out of physical contact of such vehicle with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there can not be ascertained the identity of either the operator or owner of such "hit-and-run automobile."

Both parties agree that the sole question is whether the above quoted portion pertaining to uninsured motorist coverage is applicable under the admitted factual situation — where the "hit-and-run driver" set in motion a chain reaction ultimately resulting in injury to the plaintiff.

The court finds that vehicle #4 was a "hit-and-run automobile" within the provision of the policy of insurance by and between the plaintiff and the defendant company which, the court further finds, was in full force and effect on January 27, 1966, the date of this accident.

It is the finding and declaration of the court that the insurance policy issued by the defendant, State Farm Mutual Automobile Co., provides insurance coverage to the plaintiff, Gail H. Davis, under the circumstances of this case where a chain reaction collision was set in force by a "hit-and-run driver".

It is the opinion and declaration of this court that a chain reaction, such as admittedly occurred in this case, does constitute physical contact between the hit-and-run vehicle and the vehicle which the insured was occupying.

Jurisdiction of the cause is reserved for the fixing of attorney fees, if applicable, and costs of this suit after appropriate motion and hearing thereon.